**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTERIK HARRIS,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES RICARDO, et al.,<br><br>  Defendants. | Civil Action No. 23-1870 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I.   BACKGROUND**

Plaintiff is a state prisoner currently housed in South Woods State Prison on a parole violation. (ECF No. 1 at 2-3.) In his current complaint, he seeks to bring claims against two parole officers, Defendants Ricardo and Tischio, for arresting him on a parole violation which Plaintiff

asserts is a mere "technicality," and for unduly delaying his revocation hearing. (*Id.* at 5-6.) Plaintiff also seeks to bring charges against three parole board members, Defendants Taylor, Marenco, and Murphy, who oversaw his revocation hearing and issued an "excessive sentence" of 180 days imprisonment for the parole violation and allegedly denied Plaintiff Due Process by "ignoring" material evidence. (*Id.* at 6.) Although the exact nature of the violation in question is somewhat unclear, it appears that Plaintiff's parole violation arose out of his use of drugs while on parole, and the material evidence Plaintiff claims was ignored was an after the fact drug test which was "unconfirmed" for Fentanyl. (*Id.* at 6, 8.) Although Plaintiff complains that his hearing was delayed by eighty days, he states that he did ultimately receive a hearing, and the Parole Board did ultimately issue a decision on March 10, 2023, resulting in the allegedly "excessive" sentence about which he now complains. (*Id.* at 8.)

## II.  **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In this matter, Plaintiff seeks to raise civil rights claims under 42 U.S.C. § 1983 against two parole officers and three parole board officials for charging him with a parole violation and allegedly denying him Due Process in punishing him for that violation. Turning first to the two parole officer Defendants, Plaintiff asserts that they allegedly violated his rights by charging him with a parole violation, resulting in his being subjected to detention and, ultimately, a violation of his parole. In making that claim, Plaintiff admits that there was at least a *technical* violation of the

terms of his parole. This claim is thus a species of malicious prosecution claim – i.e., that the officers initiated charges against Plaintiff without sufficient cause. To succeed on such a claim, however, Plaintiff would have to show that the parole violations in question resulted in a favorable termination for Plaintiff. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As Plaintiff indicates that his parole violation hearing resulted in his being returned to prison for an "excessive" sentence, he has failed to plead favorable termination, and his malicious prosecution claim against the two parole officers must be dismissed without prejudice.[1]

As to the three parole board officials, Plaintiff contends they denied him Due Process insomuch as they denied him a timely, fair, and impartial parole violation hearing, and that they issued an excessive sentence against him. A civil rights action such as this one, however, may not be used to collaterally attack a parole violation decision unless and until the violation is overturned through state court proceedings or a habeas petition. *See, e.g., Butler v. Pa. Bd. Of Probation & Parole*, 613 F. App'x 119, 123-24 (3d Cir. 2015); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to a [parole violation] or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). To the extent there is merit to Plaintiff's claim that the parole board officials denied him Due Process by unlawfully delaying his hearing, refusing to consider proper evidence at that hearing, and in issuing an improper

---

[1] Although this Court construes Plaintiff's claim as one for malicious prosecution as it seems to relate more to the charging and pursuit of a parole violation than merely his arrest, Plaintiff may also have intended to plead a claim for false arrest against the officers. If Plaintiff did intend to raise that claim, however, it would also need to be dismissed as such a claim would only have merit if Plaintiff were arrested without sufficient cause – as Plaintiff himself appears to admit a technical violation of his parole, he has failed to plead a lack of sufficient cause for his arrest. *See, e.g., James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Thus, to the extent Plaintiff also sought to raise a false arrest claim, that claim is dismissed without prejudice.

sentence, Plaintiff's Due Process claims would necessarily imply the invalidity of the outcome of his parole violation and in turn his current period of imprisonment. *Butler*, 613 F. App'x at 123-24. Plaintiff's claims against the parole board officials must therefore be dismissed without prejudice as they are barred until such time as Plaintiff successfully overturns his parole violation decision. As all of Plaintiff's claims must be dismissed without prejudice, his complaint shall be dismissed without prejudice in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5